HONORABLE JOHN P. HOYT............................................ DO.      DO.

MR. R. G. O'BRIEN..................................................... CLERK.

## G. P. FRANK AND FRED. A. FRANK vs. G. F. PICKLE.

If a written instrument constitute both a promissory note and a mortgage, the holder, at his option, may recover a money judgment upon it, as a promissory note, or proceed to foreclose.

Error to the First Judical District, holding terms as Colfax.

*Allen Bros., N. T. Caton,* and *Jacob Hoover* for plaintiffs in error.

Concede the instrument pleaded a mortgage, it is also a promissory note; and under our Code the holder may unite his two remedies, or proceed separately, on his money demand. Laws W. T. 1877, p. 128, sec. 619.

At common law the mortgagee could proceed concurrently on his separate remedies, or separately. *Ober* v. *Galliher,* 3 Otto, 203; *Burtis* v. *Bradford,* 122 Mass. 129; *Coit* v. *Fitch,* 1 Amer. Dec. 20; *Vansant* v. *Allman,* 23 Illinois, 31–3; *Hays* v. *Miller,* Vol. 1, Washington Territory Reports, (New Series), 143.

The mortgagee may obtain personal judgment without impairing his lien. 3 Parsons on Contracts, (5th ed.), 272; 12 Modern Reports, 564; *Butler* v. *Miller,* 1 Comstock, 499; 61 Mo. 435; 10 New Hampshire, 469–70; 2 Hilliard on Mortgages, 277 and 501.

*P. C. Sullivan,* for defendant in error, filed written brief, reviewing the brief of plaintiffs in error, and making analysis of the instrument pleaded, but cited no authorities.

*Opinion by Wingard, Associate Justice.*

The plaintiffs in error brought an action against the defendant in error to recover the sum of $350, which was claimed to be due on a promissory note.

A general demurrer was interposed which was sustained by the Court below.

This ruling of said Court is the error complained of.

The instrument sued upon and claimed to be a promissory note, was set out in full in the complaint as follows:

$350.00             TOWNSHIP 14, July 23, 1878.
No. 1221.

For value received, in a Self-Binding Harvester, No. 2145 G. F. Aickle, of the Township 14, County of Whitman, Washington Ter., P. O. Almota, on or before the 1st day of January, 1879, promise to pay to the order of Frank Brothers & Co., three hundred and fifty dollars, at Almota, in U. S. gold coin, with interest in like gold coin at one per cent. per month from date, and in addition I will pay collection and attorney's fees, if suit is commenced on this note. This note is to become due on demand in case I sell my farm, or move my present residence, and I give jurisdiction of said sum to any Justice of the Peace. I hereby sell, assign and set over unto said Frank Brothers & Co., the above property, being in my possession, and so to remain, unless taken by said Frank Brothers & Co., as hereinafter provided. This grant is intended as security for the payment of the entire purchase price agreed to be paid by me for said property, being in addition to the sum and interest above named, the further sum of $—— $—— and $—— and interest at same rate, falling due —— 18 —— 18 —— 18 as per other note of even date herewith, which payment, if made, will render this grant null and void. On any default in any payment, or sooner if they deem themselves insecure, the said Frank Brothers, or their agent, may take possession of, and sell said property at private sale, without notice, or at public sale, on ten

days posted notices of time and place, at their discretion, and out of the proceeds may retain the balance then unpaid of the entire purchase price, rendering the surplus, if any, to me. These provisions shall apply to the legal representatives of the respective parties. In order to obtain credit for the above machine, I, ——, certify that I own in my own name —— acres of land in Sec. —— in the Territory of —— Town. No. —— Range No. —— County of —— and State of —— with —— acres improved, on which I reside, worth at a fair valuation, $500. It is not encumbered by mortgage or otherwise, except the amount of $—— and the title is perfect in me in all respects. I have stock and personal property to the amount of $500 over and above all debts, liabilities and exemptions.

Witness:                    G. F. Pickle.

On the back of the said instrument is the following, in words and figures:

In consideration of having been appointed agent by Frank Brothers & Co., for the sale of machines, upon condition that I would guarantee all notes taken by me for them, and having taken the within note for them in that capacity, I, the undersigned, do hereby agree to pay the within note to Frank Brothers & Co., or their assigns, within six months after due if it has not been sooner paid by the maker, and I hereby waive notice, demand and protest.                    Austin & Jones.

State of ——— }
County of ——— } ss.

On this —— day of —— A. D. eighteen hundred and ——, before me —— in and for said county personally came —— to me personally known to be the identical person whose name —— affixed to within instrument, as maker and mortgagor, and acknowledged the same to be —— voluntary act and deed for the uses and purposes therein expressed ————

State of ——— }
County of ——— } ss.

Filed for record the —— day of —— A. D. 18— at —o'clock —, M., — and recorded in Book — of —— on page —.

———————— Recorder.

———————— Deputy.

We are of opinion that the aforesaid instrument is a mortgage; but it is also a note and mortgage.

Under our statute the mortgagee may elect to proceed separately on the note and recover his money demand. Laws W. T. 1877, page 128, sec. 619.

This is all the plaintiffs in error attempted to do in the Court below, and having stated a cause of action on the promissory note in the complaint, the demurrer should have been overruled.

The decision of the Court below is therefore reversed and a trial *de novo* ordered.